IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JERMAINE DAVIS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D15-2746

PALM BEACH COUNTY
SHERIFF'S OFFICE/USIS,

    Appellees.

_____/

Opinion filed July 25, 2016.

An appeal from an order of the Judge of Compensation Claims.
Mary A. D'Ambrosio, Judge.

Dates of Accidents: July 20, 2012, and April 24, 2011.

Barbara B. Wagner of Wagenheim & Wagner, P.A., Fort Lauderdale, and Michael R. Riedhammer of Haliczer Pettis & Schwamm, P.A., Fort Lauderdale, for Appellant.

Hinda Klein and Thomas G. Regnier of Conroy Simberg, Hollywood, for Appellees.

PER CURIAM.

    In this workers' compensation appeal, Claimant first argues that the Judge of Compensation Claims (JCC) erred in applying the 30-day notice requirement for the reporting of injuries arising out of and in the course and scope of employment, found

in subsection 440.185(1), Florida Statutes (2012), to his subsequent intervening accident for which he sought coverage under subsection 440.092(5), Florida Statutes (2012). Because we agree, we need not reach Claimant's second argument.

Claimant, a corrections officer, complained of a painful right calf on July 20, 2012, after making his rounds in a high-risk security area. Claimant immediately reported this circumstance to his Employer, and was sent to a doctor. On July 26, 2012, the Employer/Carrier (E/C) denied compensability of the accident in its entirety, on grounds that the incident did not meet the statutory definition of an accident, and that it represented an idiopathic condition. The E/C later rescinded the denial effective January 14, 2013, and authorized medical treatment. In the interim, on August 17, 2012, Claimant's car was rear-ended as he left the physical therapy facility Claimant was sent to by his at-the-time unauthorized treating physician.

The litigation below began with Claimant filing a petition for benefits on February 3, 2014, requesting that the E/C accept responsibility for the injuries resulting from the motor vehicle accident. The E/C denied the request on grounds Claimant failed to provide it timely notice of the August 2012 accident, and that Claimant was not traveling to receive medical treatment at the time the accident occurred.

In the appealed order, the JCC found that "Claimant was receiving remedial treatment at the time of his motor vehicle accident pursuant to Florida Statutes

2

440.092(5). [The JCC found] that the injuries sustained by the Claimant in the motor vehicle accident were the direct and natural consequence of the original injury of July 20, 2012." This finding is not challenged by the E/C. The JCC nevertheless found that the accident was "not compensable under Florida Statute 440.185(1) for the failure of the Claimant to advise his Employer within 30 days after the date of the injury."

The JCC correctly noted that subsection 440.185(1) "requires an employee *who suffers an injury arising out of and in the course of employment* to advise his employer with 30 days" that an accident has occurred. The JCC erred, however, in then reading subsections 440.092(2), (3), (4), and (5) to "require an injury to *arise out of and in the course of employment*," so as to implicate the 30-day notice requirement.

As defined in subsection 440.02(36), Florida Statutes (2012), "'Arising out of' pertains to occupational causation. An accidental injury or death arises out of employment if work performed in the course and scope of employment is the major contributing cause of the injury or death." Subsections 440.092(2), (3), and (4) do involve circumstances where the injury "arises out of" work-related activities. Subsection (5), on the other hand, contemplates a circumstance whereby a previously-injured employee suffers a new and subsequent injury which is a "direct and natural consequence of the original injury," and places limits on when those new

3

injuries will become the responsibility of the Employer. Unlike subsections (2) through (4), in which, if the requirements are met, the accident itself is considered to have arisen out of and in the course and scope of employment, subsection (5), as noted, addresses a subsequent injury during an activity that does not fall within the course and scope of the employee's employment activities.

Thus, by its plain language, subsection 440.185(1) does not apply to subsequent accidents because the injuries sustained in those accidents do not "arise out of and in the course of employment." Because subsection 440.092(5) is silent on any reporting requirement, we must look to section 440.19, Florida Statutes (2012) (requiring generally that petition be filed within two years of date of accident or one year from date of indemnity payment or furnishing of medical treatment), for guidance as to the time limits for filing petitions for benefits.*

Accordingly, we REVERSE the JCC's finding that Claimant failed to give timely notice of his subsequent intervening accident, and REMAND for entry of an order consistent with this opinion.

WOLF, LEWIS, and WINOKUR, JJ., CONCUR.

_____

* This anomaly is one that may well warrant legislative consideration.

4